# EXHIBIT A



George W. "Skip" Finkbohner III, Esq.
David S. Cain Jr., Esq.
CUNNINGHAM BOUNDS
Post Office Box 66705
Mobile, Alabama 36660
Tel:    251-471-6191
Fax:    251-479-1031
gwf@cunninghambounds.com
dsc@cunninghambounds.com

            *Pro hac vice applications pending*

Justin P. Stalpes, Esq.
BECK, AMSDEN & STALPES, PLLC
2000 S. 3rd Ave., Unit A
Bozeman, MT 59715
Tel:    406-586-8700
Fax:    406-586-8960
justin@becklawyers.com
info@becklawyers.com

*Attorneys for Plaintiffs*

GALLATIN COUNTY CLERK
OF DISTRICT COURT
SANDI ERHARDT

2021 MAR 11 PM 3: 48

FILED

BY_____SD___DEPUTY

* * * * * * *
MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
GALLATIN COUNTY
* * * * * * *

| | |
|---|---|
| CATHARINE HUDGENS, individually and as Personal Representative for the Estate of LEW HUDGENS,<br><br>Plaintiffs,<br><br>v.<br><br>HUSSEY PLUMBING OF BIG SKY, INC., JUSTIN HUSSEY, KEITH BERGQUIST and JOHN DOES 1-10,<br><br>Defendants. | DV-21-263A<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>(3) Summons Issued |

1

Plaintiffs, through counsel, bring this action against Defendants and allege as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Catharine Hudgens is an individual domiciled in Alabama who suffered significant physical and emotional injuries from carbon monoxide poisoning while honeymooning in Big Sky, Montana at the Rainbow Ranch Lodge in Gallatin County with her husband, Lew Hudgens.

2.      Catharine Hudgens was appointed the Personal Representative of the Plaintiff Estate of Lew Hudgens by the Probate Court of Baldwin County, Alabama. Mr. Hudgens died as a result of the carbon monoxide poisoning at the Rainbow Ranch Lodge and his body was found on January 15, 2021. At the time of his death, Lew was domiciled in Alabama. Catharine and Lew were married on January 9, 2021.

3.      Defendant Hussey Plumbing of Big Sky, Inc. is a Montana corporation with its principle place of business in Gallatin County, Montana.

4.      Defendant Justin Hussey is an individual residing in Gallatin County, Montana, and the owner of Hussey Plumbing of Big Sky, Inc.

5.      Defendant Keith Bergquist is an individual residing in Gallatin County, Montana and an employee of Hussey Plumbing of Big Sky, Inc.

BECK, AMSDEN & STALPES, pllc
*COMPLAINT*
Page 2

6. Defendants John Does 1-5 are unidentified persons or entities who may be legally responsible for Plaintiff's damages.

7. This Court has jurisdiction over the parties and the subject matter of this action because the damages complained of occurred in Gallatin County, Montana and at least one Defendant resides here. Venue properly lies in the Eighteenth Judicial District Court of Montana, Gallatin County.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Defendant Keith Bergquist, an employee of Defendant Hussey Plumbing of Big Sky, Inc., performed maintenance and inspection of a boiler which heats a large outdoor hot tub at the Rainbow Ranch Lodge in Big Sky, Montana (the Spa Boiler). At all relevant times Mr. Bergquist was working in the course and scope of his employment with Defendant Hussey Plumbing of Big Sky, Inc.

9. Upon information and belief, at the time of the inspection in December, 2020, the Spa Boiler was not functioning appropriately.

10. An appropriate inspection would have revealed that the Spa Boiler was not functioning as intended.

11. From at least December, 2020 and until the time of the carbon monoxide poisoning at issue here, Hussey Plumbing of Big Sky, Inc. and its agents and owner knew or should have known that the Spa Boiler posed a significant risk

BECK, AMSDEN & STALPES, pllc
*COMPLAINT*
Page 3

of serious or fatal carbon monoxide poisoning to guests of the Rainbow Ranch Lodge.

12.     On Saturday, January 9, 2021, Catharine and Lew got married at Watercolor in Florida with their family in attendance.

13.     Catharine and Lew then travelled to Montana on Monday, January 11, 2021, to enjoy a honeymoon at the Rainbow Ranch Lodge in Big Sky.

14.     Catharine and Lew arrived at the Rainbow Ranch Lodge in the evening. They ordered room service and watched the Alabama vs. Ohio State FBS National Championship game.

15.     On Wednesday and Thursday, Catharine's sister Ellie called the front desk at the Rainbow Ranch Lodge requesting that someone check on Lew and Catharine.

16.     On the morning of Friday, January 15, Rainbow Ranch Manager Scott Nelson knocked on Lew and Catharine's door.  There was no response, so Nelson entered the room.

17.     Catharine was on the bed and highly disoriented. Lew was also on the bed. He had succumbed to carbon monoxide poisoning.

18.     Emergency Responders were summoned, and arrived at the scene sometime later. Responders recorded high levels of carbon monoxide in the

Plaintiffs' room, outside of the Plaintiffs' room and in the adjacent utility room which contained the Spa Boiler.

19.     Lew Hudgens died as a result of carbon monoxide emanating from the Spa Boiler in the utility room adjacent to the room he and his wife Catharine were staying in at the Rainbow Ranch Lodge in Big Sky, Montana.

20.     Catharine Hudgens suffered carbon monoxide poisoning as a result of carbon monoxide emanating from the Spa Boiler in the utility room adjacent to the room she and her husband Lew were staying in at the Rainbow Ranch Lodge in Big Sky, Montana.

## COUNT 1 – NEGLIGENCE

21.     Plaintiffs hereby incorporate every other allegation in this complaint as though fully set forth herein.

22.     Defendants Hussey, Bergquist and Hussey Plumbing of Big Sky, Inc. (the Hussey Defendants) had a duty to act with reasonable care to prevent the foreseeable risk of harm to Catharine and Lew Hudgens and their family.

23.     The Hussey Defendants breached this duty by, *inter alia*, failing to conduct a proper inspection of the Spa Boiler and failing to warn about the serious risk of carbon monoxide poisoning to occupants of the room adjacent to the utility room containing the Spa Boiler.

24.     Catharine and Lew Hudgens and their family are foreseeable victims of Defendants' failure to exercise reasonable care because the Hudgens were occupants of the room adjacent to the utility room containing the Spa Boiler shortly after Defendants inspected the Spa Boiler.

25.     As a result of Defendants' negligence, Catharine Hudgens and the Estate of Lew Hudgens suffered severe and lasting injury, for which the Estate and individuals who have wrongful death claims are entitled to compensation.

## COUNT 2 – NEGLIGENCE PER SE

26.     Plaintiffs hereby incorporate every other allegation in this complaint as though fully set forth herein.

27.     Pursuant to Mont. Code Ann. § 50-74-201 et. seq., it is the duty of a boiler inspector, such as the Hussey Defendants, to examine a boiler that has become unsafe and to notify the boiler owner and any person using the boiler of any defect and what repairs are necessary to make them safe. Mont. Code Ann. § 50-74-209. Further, a boiler inspector must ensure that the boiler may be safely employed without danger to life. § 50-74-215.

28.     Upon information and belief, the Hussey Defendants violated Mont. Code Ann. § 50-74-201 et. seq.

BECK, AMSDEN & STALPES, pllc
*COMPLAINT*
Page 6

29.     Plaintiffs are in the class of persons that Mont. Code Ann. § 50-74-

201 et. seq. is designed to protect and the type of injuries sustained by Plaintiffs are

the type of injuries the statute was intended to protect against.

30.     Mont. Code Ann. § 50-74-201 et. seq. is designed to regulate

members of the Hussey Defendants' class.

31.     As a result of the Hussey Defendants' violation of Mont. Code Ann. §

50-74-201 et. seq., Catharine Hudgens and the Estate of Lew Hudgens suffered

severe and lasting injury, for which the Estate and individuals who have wrongful

death claims are entitled to compensation.

## COUNT 3 – STRICT PRODUCTS LIABILITY
### (Against John Doe Defendants)

32.     Plaintiffs hereby incorporate every other allegation in this complaint

as though fully set forth herein.

33.     Defendants designed, manufactured, sold, distributed, maintained

and/or installed the Spa Boiler and its component parts.

34.     At the time of the carbon monoxide poisoning, the Spa Boiler was in

all relevant respects in a condition substantially similar to that which it was in at

the time that it left the Defendants' control.

35.     The Spa Boiler was dangerous to an extent beyond that which an ordinary consumer would anticipate. The defective Spa Boiler posed an unreasonable risk of injury to others, including Plaintiffs.

36.     As a direct and proximate cause of the Spa Boiler's defectiveness, Catharine Hudgens and the Estate of Lew Hudgens suffered severe and lasting injury, for which the Estate and individuals who have wrongful death claims are entitled to compensation.

## COUNT 4 – SURVIVAL CLAIMS
### (Against all Defendants)

37.     Plaintiffs hereby incorporates every other allegation in this complaint as though fully set forth herein.

38.     Prior to his death, Lew had causes of action against the Defendants, including negligence.

39.     These causes now belong and are being asserted by the Estate of Lew Hudgens, by and through his Personal Representative Catharine Hudgens, pursuant to Mont. Code Ann. § 27-1-501.

40.     Damages to which Lew's Estate is entitled include, but are not limited to, emotional distress, mental and physical pain and suffering, loss of established course of life, and loss of earning capacity.

BECK, AMSDEN & STALPES, pllc
*COMPLAINT*
Page 8

## COUNT 5 - WRONGFUL DEATH
### (Against all Defendants)

41.     Plaintiffs hereby incorporate every other allegation in this complaint
as though fully set forth herein.

42.     As a result of the death of Lew, Plaintiff, the heirs of Lew's estate and
those close to Lew including his children have suffered damages compensable in a
wrongful death action pursuant to Mont. Code Ann. § 27-1-513.

43.     Damages which the Plaintiffs seek include but are not limited to
emotional distress, mental and emotional pain and suffering, loss of consortium,
the loss of comfort and society; the reasonable value of the contributions in money
that Lew would reasonably have made for care and support, out-of-pocket
expenses and all other damages as under all the circumstances of the case may be
just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants for all the
damages allowed by law, including but not limited to:

1.     All damages, special and general, recoverable under Montana law,
including but not limited to all economic and non-economic damages in a
reasonable sum to be proven at trial; and

2.      Such other relief, including attorneys' fees and pre or post-judgment interest, as the Court deems just and proper under the circumstances, or that is appropriate under law or equity.

## REQUEST FOR JURY TRIAL

Plaintiffs request that all issues of fact be determined by a twelve-person jury.

DATED this 11th day of March, 2021.

BECK, AMSDEN & STALPES, PLLC

JUSTIN P. STALPES, ESQ.

*Attorneys for Plaintiffs*