IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CATHARINE HUDGENS, individually and as Personal Representative for the Estate of LEW HUDGENS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HUSSEY PLUMBING OF BIG SKY, INC., et al,<br><br>　　　　Defendants. | CV 21-24-BU-BMM<br><br>ORDER |

### BACKGROUND.

Plaintiff Catherine Hudgens originally filed suit in the Eighteenth Judicial District Court, Gallatin County, Montana. Doc. 1. After Plaintiff filed suit, but before Plaintiff served Defendants with process, Defendants removed this case to federal court. Courts have termed this procedural tactic a "snap removal." *U.S. Bank Nat'l Ass'n v. Fid. Nat'l Title Grp, Inc.*, 2021 WL 223384, at *1 (D. Nev. Jan. 22, 2021). Plaintiff filed a Motion to Remand. Doc. 4. Plaintiff argues that "the forum defendant rule" in 28 U.S.C. § 1441(b)(2) bars Defendants from removing the case. Doc. 5 at 2.

1

**LEGAL STANDARD.**

Federal courts are courts of limited jurisdiction. *Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, a strong presumption exists against removal jurisdiction. *Deutsche Bank Trust Co. v. Fid. Nat'l Title Grp, Inc.*, 2021 WL 493410, at *1 (D. Nev. Feb. 10, 2021). Courts shall construe 28 U.S.C. § 1441(a) strictly. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubt about the propriety of removal requires resolution in favor of remand. *Id.*

**ANALYSIS.**

Plaintiff moves to remand the case based on its claim that § 1441(b)(2) bars removal. Doc. 4. Section 1441(b)(2) states as follows:

> A civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought.

28 U.S.C. § 1441(b)(2). The Ninth Circuit has not addressed whether § 1441(b)(2) permits snap removal. District courts across the country remain largely divided over this issue. *See Gentile v. Biogen Idec, Inc.*, 934 F.Supp.2d 313, 317−18 (D. Mass. Feb 21, 2013) (collecting cases). District courts in the Ninth Circuit have not resolved uniformly recent snap removal cases. *See e.g.*, *Wells Fargo Bank, N.A. v. Old Republic Title Ins. Grp., Inc.*, 2020 WL 5898779, at *3 (D.Nev. Oct. 5, 2020) (remanding); *Carrington Mortg. Servs., LLC v. Ticor Title of Nev., Inc.*, 2020 WL 3892786, at *5 (D. Nev. July 10, 2020) (remanding); *Deutsche Bank Trust Co. v.*

2

*Fid. Nat'l Title Grp, Inc.*, 2021 WL 493410, at *3 (D. Nev. Feb. 10, 2021) (remanding); *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *4 (C.D. Cal. February 14, 2019) (denying remand); *Monfort v. Adomani, Inc.*, 2019 WL 131842, at *4 (N.D. Cal. Jan. 8, 2019) (denying remand).

In *Deutsche Bank Trust Company* (*DBTC*), the Nevada District Court concluded that snap removal was improper under § 1441(b)(2). 2021 WL 493410, at *3. The *DBTC* court determined that § 1441(b)(2) assumes that at least one party has been served, and thus, removing the case before any of the parties have been served proved improper. *Id*. (citing *Carrington Mortg. Servs., LLC*, 2020 WL 38992786, at *3).

The Court agrees with much of the *DBTC* Court's analysis. The language "properly joined and served" in § 1441(b)(2) sought to bar a plaintiff from preventing a non-forum defendant from removing a case because the plaintiff had joined fraudulently a forum defendant. *Deutsche Bank Trust Company*, 2021 WL 493410, at *2. In short, § 1441(b)(2) sought to thwart gamesmanship. *Id*. It makes little sense to embrace an interpretation of § 1441(b)(2) that limits gamesmanship by a plaintiff but provides a defendant with an avenue to conduct the same gamesmanship that § 1441(b)(2) sought to prevent.

The record indicates that Plaintiff intended to serve Defendants contemporaneously to filing suit. Doc. 5. Plaintiff asserts that the delay in service

3

resulted from COVID-19 procedures implemented at the Gallatin County Clerk of District Court's office. *Id*. at 2. On Thursday March 11, 2021, lawyers for Plaintiff brought the Complaint and three Summonses to the Clerk of Court's office for filing. Doc. 5-1 at 2. On Monday March 15, 2021, having not received copies of the Summonses, lawyers for Plaintiff scheduled an appointment with the Clerk of Court's office to obtain the copy of the Summonses and deliver them to Defendants' registered agent. Doc. 5-2 at 2. In the days between, Defendants removed the case to federal court under § 1441(a).

Plaintiff did not fraudulently joined Defendants. Defendants are legitimate forum defendants, whom Plaintiffs have demonstrated a sincere intention in serving. The delay between filing and service proves modest, if not outright reasonable. The four days can be explained reasonably either by the Clerk of Court's office's COVID-19 precautions or that the four days fell on a weekend.

The Court reasonably cannot interpret § 1441(b)(2) to permit snap removal where the exists no fraudulently joined defendants. *See Gaus*, 980 F.2d at 566; *Deutsche Bank Trust Company*, 2021 WL 493410, at *3. To interpret § 1441(b)(2) as such would turn state court complaints, in effect, into starter pistols, where upon filing, defendants race to remove a case before plaintiffs serve process. In an era of global pandemics and weekends, some delay in service can be reasonable. The Court has better uses for its time and resources than refereeing petty procedural footraces.

Defendants seek improperly to evade the removal limitations imposed by § 1441(b)(2).

**IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 4) is **GRANTED**.

2. This case is remanded to the Montana Eighteenth Judicial District Court, Gallatin County, for further proceedings.

Dated the 8th day of April, 2021.

_____
Brian Morris, Chief District Judge
United States District Court